UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KADEN MCNAMARA on Behalf of Himself and Others Similarly Situated, | § § § |
| Plaintiffs, | § § § |
| v. | §   CIVIL ACTION NO. 1:24-cv-869 |
| BOAT TOWN, INC., CLAYTON RAVEN, and CLAY RAVEN | § § § § § |
| Defendants. | § |

### DEFENDANTS' NOTICE OF REMOVAL

Defendants Boat Town, Inc. ("Boat Town"), Clayton Raven ("Clayton"), and Clay Raven ("Clay") (collectively, "Defendants"), file this, their Notice of Removal of this action from the 126th District Court, Travis County, Texas, to the United States District Court for the Western District of Texas, the District encompassing the state court in which this action is pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support thereof, Defendants respectfully show this Court as follows:

### I.
### INTRODUCTION

**A. Procedural Background.**

1. On June 26, 2024, Plaintiffs Kaden McNamara ("McNamara"), on behalf of himself and others similarly situated (collectively "Plaintiffs") filed their Original Petition in the 126th Judicial District Court in and for Travis County, Texas against Defendants, styled *Kaden McNamara on Behalf of Himself and Others Similarly Situated v. Boat Town, Inc., Clayton Raven, and Clay Raven*, Cause No. D-1-GN-24-003965 (the "State Court Action").

2. The State Court Action alleges a putative class action and asserts claims for Plaintiffs' rights to receive a minimum wage under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") pursuant to 29 U.S.C. §216(b), and retaliation in violation of the FLSA, pursuant to section 215(a)(3) of the FLSA. *See* Ex. A-2, Pls.'s Original Pet. at ¶¶ 43-50.

### B. Timeliness of Removal

3. Defendant Clay Raven was served with the Citation and Plaintiffs' Original Petition for the State Court Action on July 2, 2024.

4. Defendants Boat Town and Clayton Raven were both served with the Citation and Plaintiffs' Original Petition for the State Court Action on July 11, 2024.

5. This Notice is being filed with this Court within thirty (30) days of the date on which all Defendants were served. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1).

### III.
### BASIS FOR REMOVAL

### A. Federal Question Jurisdiction

6. This action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446 in that it is an action over which the District Courts of the United States have original jurisdiction under 28 U.S.C. §§ 1331 (federal question). In their Original Petition, Plaintiffs assert claims against Defendants for an alleged failure to pay overtime and minimum wage, and for retaliation in violation of the FLSA. *See* Ex. A-2, Pls.'s Original Pet. at ¶¶ 43-50. Therefore, this case presents a federal question pursuant to 28 U.S.C. § 1331 and is removable under 28 U.S.C. § 1441.

7. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

. . . to the district court of the United States for the district embracing the place where such action is pending."

### B. Supplemental Jurisdiction

8. In the event this Court exercises jurisdiction under Section 1331, this Court further has discretion to exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) that Plaintiff's have asserted. Plaintiffs request the recovery of their reasonable attorneys' and experts' fees pursuant to Tex. Lab. Code § 21.259. Plaintiffs' request for relief arises from the exact same set of facts and circumstances as Plaintiffs' violation of overtime and minimum wage requirements and retaliation claims under Plaintiffs' claims for violations of the FLSA. In short, Plaintiffs' state law claims form part of the same case or controversy raised by Plaintiffs' federal law claims, and, therefore, supplemental jurisdiction pursuant to 28 U.S.C. § 1367 is appropriate.

### C. Venue

9. Venue is proper in the United States District Court for the Western District of Texas, pursuant to 28 U.S.C. § 1446(a), because the 126th Judicial District Court, Travis County, Texas, where the State Court Action was filed, is located in this federal judicial district. *See* 28 U.S.C. §124(a)(1).

10. Therefore, this Court has jurisdiction over this case and removal is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441.

### III.
### PROCEDURAL STATEMENTS

11. An index of all documents filed in the State Court Action is attached to this Notice of Removal as required by 28 U.S.C. § 1446(a) as **Exhibit A.**

12. Further, all pleadings, processes, orders, and other filings in the State Court Action, including the docket, are attached to this Notice of Removal as required by 28 U.S.C. § 1446(a) as **Exhibits A-1 through A-5.**

13. In addition, a completed Federal Civil Cover Sheet and removal fee are filed concurrently with this Notice of Removal.

14. Written notice of the filing of this Notice of Removal will be provided to Plaintiffs, and a copy of this Notice of Removal will be filed with the Clerk of the 126th Judicial District Court, Travis County, Texas, where the State Court Action was filed, as required by 28 U.S.C. § 1446(d).

## IV. CONCLUSION

For the foregoing reasons, Defendants Boat Town, Inc., Clayton Raven, and Clay Raven, respectfully request that further proceedings in the case styled *Kaden McNamara on Behalf of Himself and Others Similarly Situated v. Boat Town, Inc., Clayton Raven, and Clay Raven*, Cause No. D-1-GN-24-003965, pending in the 126th Judicial District Court, Travis County, Texas, be discontinued and that this suit be removed to the United States District Court for the Western District of Texas.

Respectfully submitted,

By: /s/ *Michael J. DePonte*
Michael J. DePonte
Texas Bar No. 24001392
Michael.deponte@jacksonlewis.com
Kelsey R. Sherman
Texas Bar No. 24121245
Kelsey.Sherman@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard St., Suite 2500
Dallas, Texas 75201
Phone: (214) 520-2400
Facsimile: (214) 520-2008

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been forwarded to all counsel of record by electronic service, on the 1st day of August, 2024, as follows:

Austin Kaplan
Tanner Scheef
KAPLAN LAW FIRM, PLLC
2901 Bee Cave Rd., Ste. G
Austin, Texas 78746
akaplan@kaplanlawatx.com
tscheef@kaplanlawatx.com

By: /s/ *Michael J. DePonte*
Michael J. DePonte